UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER HOLDEN,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| **v.** ) | |
| ) | Civil Action Number |
| **CITY OF MADISON, ALABAMA,** ) | **5:17-cv-01435-AKK** |
| *et al.*, ) | |
| ) | |
|     **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

Christopher Holden, proceeding pro se, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* ("ADEA"). Doc. 1. Before the court are the City of Madison's motion to dismiss, doc. 17, Troy Trulock's motion to dismiss, doc. 22, and Ralph Cobb's motion to dismiss, doc. 27.[1] All motions are fully briefed, docs. 18, 20, 24, 25, 26, 29, 30, 31, and ripe for review. Because Holden's claims for conduct occurring prior to December 2015 are barred by res judicata and due to his failure to timely file an EEOC charge for the rest of his claims, all three motions are due to be granted.

---

[1] Also before the court is the Defendants' motion to dismiss for want of proper service, doc. 2. As Holden has properly effectuated service on the City and Trulock, *see* docs. 8, 14, this motion, doc. 2, is **DENIED**. The court addresses the insufficient service on Cobb *infra* at III.B.

1

## I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell*

*Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Additionally, because the Plaintiff is pro se, the court must construe the complaint more liberally than it would pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). "*Pro se* pleading are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

## II. FACTUAL BACKGROUND[2]

This is the second lawsuit Holden has filed challenging his treatment by his employer. Briefly, Holden, an African American who is over the age of 40, is employed by the City as a firefighter for the Madison Fire Department ("MFD"). Doc. 1 at 1, 3, 5, 8. He contends that he has faced race- and age-based discrimination throughout his employment. *Id.* at 8-9. Allegedly, multiple MFD employees, including Defendant Cobb, a department chief, have made inappropriate jokes using or alluding to racial slurs in Holden's presence. *Id*. In addition to the slurs, the Defendants have purportedly also discriminated against

---

[2] The court recites the facts as alleged in Holden's Complaint. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted).

3

Holden in the terms and conditions of his employment. For example, in 2001, Holden received a promotion with no annual raise, while two white employees who had unsuccessfully applied for the same promotion received annual raises. *Id.* at 8. In 2006, a MFD captain recommended Holden for a promotion to captain, but the MFD did not promote Holden and subsequently revised the guidelines for the position such that Holden no longer qualified for a promotion to captain. *Id.*

In 2015, an MFD captain singled Holden out for criticism following a meeting. *Id.* When Holden attempted to report this incident, the Human Resources department told him it was too busy to address his complaint. *Id.* at 8-9. Finally, on December 16, 2015, Cobb held a meeting of MFD employees, all of whom were white and under forty, where he instructed them not to listen to older employees and made other remarks disparaging older employees. *Id*. at 9; *see* doc. 1-1 at 3.

After filing multiple complaints with the Human Resources department concerning racially discriminatory acts to no avail, Holden enlisted the help of the NAACP, which unsuccessfully tried to meet with Defendant Trulock, who was the City of Madison's mayor at the time, and the Human Resources department. Doc. 1 at 9. Perhaps because of this failure to meet with him or the NAACP, on July 27, 2016, Holden filed an EEOC charge alleging race- and age-based discrimination and a hostile work environment. *Id.* at 6. He filed this lawsuit after obtaining a right to sue letter. *Id.*

## III. ANALYSIS

Holden asserts claims of failure to promote, disparate treatment, and hostile work environment under Title VII and the ADEA against all Defendants. Doc. 1 at 3-4. The City, Trulock, and Cobb have all moved to dismiss. The court addresses each motion in turn.

### A. The City's Motion to Dismiss

The City seeks dismissal on the grounds of administrative preclusion, res judicata, Holden's failure to submit a timely EEOC charge, and Holden's failure to state a cognizable claim. Doc. 18. Because the res judicata and timeliness grounds are sufficient to resolve the City's motion, the court does not reach the other issues.

### 1. Res Judicata

As stated previously, this is Holden's second lawsuit before the undersigned. Given that the allegations here overlap with the prior lawsuit, the court will start its analysis with the City's contention that Holden's claims are barred by the doctrine of res judicata. *See Holden v. City of Madison*, No. 5:15-cv-674-AKK (N.D. Ala. Oct. 21, 2015).[3] This doctrine "'will bar a subsequent action if: (1) the prior

---

[3] "Typically, the court cannot consider extrinsic documents at this stage of the proceedings without converting a motion to dismiss into a motion for summary judgment." *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). However, the court may "consider judicially noticed documents" at the motion to dismiss stage. *United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 (11th Cir. 2015). Judicially noticeable documents include "publicly filed documents" which may be considered "for the limited purpose of determining which statements the documents contain (but not for determining the truth of those statements)." *Id.* at 811 n.4. Accordingly, the court takes judicial notice of all filings in *Holden I*.

decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same.'" *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003) (quoting *Jang v. United Techs. Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000)). This bar pertains not only to the claims actually raised in the prior action, but also to claims that could have been raised in the prior action. *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1271 (11th Cir. 2002). In determining whether the prior and present causes of action are the same, the court must decide whether the actions arise "out of the same nucleus of operative fact, or [are] based upon the same factual predicate." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1297 (11th Cir. 2001) (quotation omitted), *cert. denied sub nom. TDY Indus., Inc. v. Kaiser Aerospace & Elec. Corp.*, 534 U.S. 827 (2001).

All the res judicata factors apply here. First, the court properly exercised jurisdiction over Holden's prior action pursuant to 42 U.S.C. §§ 2000e *et seq. See* doc. 1 in *Holden I*. Second, the court dismissed the previous action because of Holden's failure to comply with Rule 8 of the Federal Rules of Civil Procedure and the court's own orders regarding deadlines. Doc. 40 in *Holden I*. This constitutes a final judgment on the merits, satisfying step two. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (holding that dismissal for failure to state a claim is dismissal on the merits) (citations omitted). Third, the parties are

substantially identical, as Holden filed the previous action against the City, MFD, and Cobb, and brings this action, again, against the City, Cobb, and Trulock, the City's former mayor. *See* doc. 1 in *Holden I*.

Finally, the court compares the causes of action in *Holden I* and the current lawsuit. In the previous action, except for the alleged conduct related to the December 2015 meeting, Holden pleaded claims of racial discrimination, retaliation, and a race-based hostile work environment based on virtually the same facts on which he bases his claims in the present lawsuit. *See* doc. 1 in *Holden I* at 3-6. Although Holden did not plead a claim under the ADEA in the prior lawsuit, he is challenging the same conduct, and this was a claim he also could have raised in the prior lawsuit. *See Trustmark*, 299 F.3d at 1271. Thus, as to events preceding the December 2015 meeting, based on the pleadings in both cases, it is readily evident that the causes of action arise out of the "same nucleus of operative fact." *In re Piper*, 244 F.3d at 1297. However, because the December 2015 meeting occurred after the filing of the previous action, *see* doc. 1 in *Holden I*, Holden could not have asserted any claims arising from that meeting in the previous lawsuit. Accordingly, res judicata does not bar Holden's Title VII and ADEA claims to the extent that they arise out of the December 2015 meeting.

**2. Timeliness of the EEOC Charge**

As for the claims related to the December 2015 meeting and any acts preceding it, the City contends that these claims are time barred because Holden filed his EEOC charge more than 180 days after the events in December 2015. *See Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1238 (11th Cir. 2004) (acknowledging that timely filing of EEOC charge is prerequisite to ADEA action) (citations omitted); *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) (acknowledging that timely filing of EEOC charge is prerequisite to Title VII action) (citations omitted). Indeed, the events outlined in the December 2015 meeting are chronologically the last violation alleged in Holden's current complaint before this court. *See* doc. 1 at 9. In nondeferral states like Alabama, a plaintiff must file an EEOC charge within 180 days of the last alleged hostile discriminatory act. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 118 (2002) (holding that a plaintiff may base a hostile work environment claim on individual acts that occurred outside the statute of limitations for an EEOC charge as long as the charge is filed within the appropriate time period after an act that is part of the same hostile work environment). Here, although Holden's EEOC charge states that the last alleged discriminatory act occurred on June 7, 2016, the charge is silent on the alleged violations, if any, that occurred after the December 2015 meeting. *See* doc. 1-1 at 3. Moreover, the complaint also does not allege any

discriminatory acts that occurred after December 16, 2015 that are part of the hostile work environment claim. *See* doc. 1. As such, Holden's assertion in his EEOC charge that the course of discriminatory conduct continued until June 7, 2016 is insufficient, in the absence of an allegation of an act forming part of the hostile work environment during that time period, to bring the December 2015 meeting within the statute of limitations. *See Morgan*, 536 U.S. at 118. Thus, Holden's Title VII and ADEA claims are untimely.

**B. Trulock and Cobb's Motion to Dismiss**

Separately, the claims against the individual Defendants fail also because there is no individual liability under Title VII, *see Pouyeh v. UAB Dep't of Ophthalmology*, 625 F. App'x 495, 498-99 (11th Cir. 2015) (citing *Shotz v. City of Plantation*, 344 F.3d 1161, 1171 (11th Cir. 2003); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991)), or the ADEA, *see Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (citing *Busby*, 931 F.2d at 772; *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511 (4th Cir. 1994); *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993)). Moreover, because former state officials or employees may not be sued in their official capacities, *see Thompson v. Connick*, 553 F.3d 836, 869 n.21 (5th Cir. 2008), *on reh'g en banc*, 578 F.3d 293 (5th Cir. 2009), *rev'd on other grounds*, 563 U.S. 51 (2011), and it is undisputed that

Trulock's term as mayor ended in November 2016, *see* docs. 22 at 3 n.1; 24, the claims against him in his official capacity, if any, fail also for this reason.

Finally, because Holden served Cobb with a summons at City Hall, rather than Cobb's residence, *see* doc. 6 at 3, and neither Rule 4(e) of the Federal Rules of Civil Procedure nor Rule 4(c) of the Alabama Rules of Civil Procedure permit service by delivery to a defendant's place of employment, the claims against Cobb fail also for improper service.

### IV. CONCLUSION

For the reasons stated above, the City's motion, doc. 17, Trulock's motion, doc. 22, and Cobb's motion, doc. 27, are **GRANTED**. Holden's claims against the Defendants are **DISMISSED WITHOUT PREJUDICE**.

**DONE** the 20th day of April, 2018.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE